UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT M. HIRSCH,

                Plaintiff,

            -against-

JOANNE D. QUINONES, Justice of the Supreme Court Kings County State of New York; NANCY T. SUNSHINE, County Clerk, Supreme Court Kings County; LETITIA JAMES, Attorney General, representing the State of New York,

                Defendants.

21-CV-6311 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks preliminary injunctive relief.

    By order dated August 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint because Plaintiff seeks relief from individuals who are immune from such relief and denies as moot Plaintiff's request for injunctive relief.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The claims raised in this action arise out of Plaintiff's ongoing divorce proceedings, pending in New York Supreme Court, Kings County. Plaintiff sues Justice Joanne Quinones, the justice presiding over the proceedings; Nancy Sunshine, the County Clerk for Kings County Supreme Court; and Attorney General Letitia James, who is representing the State of New York in actions Plaintiff has filed in other venues against the State concerning Justice Quinones' rulings in the divorce proceedings.

The following facts are taken from the complaint:

> On May 20, 2021, Judge Quinones issued an order denying me the ability to proceed as a poor person pursuant to New York Civil Practice Laws and Rules Section (CPLR) 1101. On June 23, 2021, the Court of Claims Presiding Justice Richard E. Sise issued an order under claim number 136380 (a lawsuit against the State of New York representing Judge Quinones) allowing me to proceed without paying filing fees pursuant to CPLR 1101. On or about July 10, 2021, the Chief Federal District Court Judge of New Jersey, Honorable Freda L. Wolfson, allowed me to proceed under IFP status in Federal Court on a tort claim based complaint. On the May 20, 2021, order, Judge Quinones stated false statements of fact claiming that I have filed "voluminous, frivolous motions." Prior to Justice Quinones being assigned to the divorce action, no Justice of the Supreme Court declared any of my motions frivolous. Justice Quinones falsely claimed that I filed frivolous motions because in fact, none of those motions were ever addressed and they were simply either removed from the NYSCEF system or were never processed.

(ECF 2, at 2-3.)

Plaintiff alleges that Justice Quinones "incorrectly deemed frivolous" Plaintiff's motions and never issued "a final determination regarding any prior motions." (*Id.* at 4.) He also alleges that Justice "Quinones has directed the county clerk to reject any motions [he] submit[s] without a fee" and "under the direction of [Justice] Quinones," the Kings County Supreme Court "will

2

not process any motions [Plaintiff] submit[s] unless [he] pay[s] the filing fee, even if [he] request[s] poor person relief pursuant to CPLR 1101." (*Id.* at 4.)

Plaintiff's claims against Attorney General James arise out of her representation of "the State of New York on multiple Court of Claims lawsuits [he] ha[s] commenced against the State based on [Justice] Quinones' actions." (*Id.*)

Plaintiff argues that Justice Quinones has denied him his First Amendment right to access the courts. (*Id.* at 5.) Specifically, he claims that "Justice Quinones has essentially precluded [him] from having access to Supreme Court Kings County by forcing [him] to pay for motions and request her permission prior to filing any motions." (*Id.*) He also argues that "Justice Quinones is violating [his] fundamental right of privacy [under the Fourteenth Amendment]; namely getting divorce with [his] ability to defend [him]self in the action." (*Id.* at 6.) Finally, he argues that Justice Quinones has violated his procedural due process and equal protection rights by denying him the right to proceed as a poor person.

Plaintiff seeks an order from this Court directing Justice Quinones to permit Plaintiff to proceed as a poor person and "a permanent injunction enjoining [Justice] Quinones from removing poor person status absent clear evidence that [Plaintiff] can afford the fees associated with the divorce action." (*Id.* at 8.)

## DISCUSSION

### A.   Claims against Justice Quinones

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from

3

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Quinones arise out of the justice's rulings in Plaintiff's divorce proceedings. Such rulings and actions were within the scope of Justice Quinones's judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Justice Quinones under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. William*s, 490 U.S. 319, 327 (1989))).

B.      **Claims against County Clerk Sunshine**

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to other individuals when

they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121 (2d Cir. 2010) (grievance committee counsel); *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (county clerk). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Plaintiff alleges that County Clerk Sunshine, at the direction of Justice Quinones, has rejected motions he has attempted to file without a filing fee. Because Sunshine's acts are judicial in nature and taken at the direction of a judicial officer, Plaintiff's claims brought against this defendant are dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii)

C.  **Claims against Attorney General James**

"As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits—including

5

the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against James are based on actions within the scope of her official duties as a government attorney representing the State of New York in the New York State Court of Claims in cases brought by Plaintiff against the State of New York. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

## DENIAL OF LEAVE TO AMEND

Generally, a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

Because the defects in Plaintiff's complaint cannot be remedied, the Court declines to grant him leave to amend his complaint.

## WARNING

Since May 9, 2021, Plaintiff, who resides in New Jersey, has filed five cases in this Court, including this action, concerning events that occurred in Kings County, New York. *See, e.g., Hirsch v. Maestro*, ECF 1:21-CV-6055, 2 (S.D.N.Y. July 16, 2021) (transferred to the Eastern District of New York); *Hirsch v. Miles*, ECF 1:21-CV-5637, 2 (S.D.N.Y. July 1, 2021)

(same); *Hirsch v. Wade*, ECF 1:21-CV-4836, 2 (S.D.N.Y. July 16, 2021) (same); *Hirsch v. Shammah*, ECF 1:21-CV-4157, 2 (S.D.N.Y. July 6, 2021) (same).

Although the claims raised in this action also arose in Kings County, New York, the Court declines to transfer this action to the Eastern District of New York because such a transfer would not be in the interest of justice. *See* 28 U.S.C. § 1404 (a) ("in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"). In light of Plaintiff's recent litigation history, the Court warns Plaintiff that the future filing in this Court of frivolous actions and actions concerning events arising outside of this District will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff's request for a preliminary injunction (ECF 5) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 23, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge